## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

VICTOR BRATTA,

      Plaintiff,

                                   CASE NO.:_____

v.

HARBOR FREIGHT TOOLS
USA, INC.

      Defendant.

---

## COMPLAINT

---

**COMES NOW** Plaintiff, Victor Bratta, by and through undersigned counsel, who sues Defendant, Harbor Freight Tools USA, Inc., for the causes of action stated herein. In support thereof, Plaintiff states as follows:

### THE PARTIES

1.      Plaintiff, Victor Bratta ("Bratta"), is a resident of Polk County, Florida and was a resident thereof at all times material to this Complaint.

2.      Defendant, Harbor Freight Tools USA, Inc. ("Harbor Freight"), is a Delaware corporation authorized to do business and actually doing business in the State of Florida

3.      Harbor Freight may be served with process on its registered agent, Corporate Creations Network, Inc., at 11380 Prosperity Farms Rd., # 221E, Palm Beach Gardens, FL 33410.

### FACTS

4.      Harbor Freight is engaged in the business of designing, engineering, manufacturing, assembling, inspecting, testing, advertising, marketing, distributing, and/or

1

selling tools, including miter saws, which are distributed and sold in retail stores throughout the United States and the State of Florida.

5.    Harbor Freight designed, engineered, manufactured, assembled, inspected, tested, advertised, marketed, distributed, and/or sold a Chicago Electric 10-inch sliding compound miter saw, Serial Number 370331139 (the "Miter Saw").

6.    The Miter Saw is designed and manufactured to cut a wide range of materials, including wood.

7.    The Miter Saw is designed and manufactured with a plastic blade guard.

8.    When the Miter Saw is in use, the blade guard is designed to protect users from contacting the Miter Saw's saw blade.

9.    The Miter Saw and accompanying blade guard are designed in such a way that, when the Miter Saw's handle is lowered by the user, the blade guard should raise automatically, thus exposing the saw blade and allowing the saw blade to contact the material the user intends to cut.

10.    The Miter Saw and accompanying blade guard are designed in such a way that, when the Miter Saw's handle is raised by the user, the blade guard should automatically return to its safety position, thus covering the saw blade and protecting the user from unintentionally contacting the Miter Saw's saw blade.

11.    On March 5, 2017, Bratta was using the Miter Saw in a reasonably foreseeable manner and for its intended purpose: to cut wood.

12.    While using the Miter Saw on this date, Bratta was following all instructions and was adhering to all safety precautions for the proper and safe use of the Miter Saw.

13.    After cutting a piece of wood with the Miter Saw, Bratta raised the Miter Saw's handle.

2

14.     Unbeknownst to Bratta, however, the Miter Saw's blade guard did not automatically return to its safety position and did not cover the Miter Saw's saw blade as designed.

15.     As Bratta loaded another piece of wood into the Miter Saw's cutting area, Bratta's arm made contact with the Miter Saw's saw blade.

16.     Bratta suffered injuries and damages as a result of his arm making contact with the Miter Saw's saw blade.

17.     Bratta's injuries and damages were caused by Harbor Freight's substandard and defective design and/or manufacture of the Miter Saw. Specifically, the Miter Saw is defective in at least the following ways:

     a.     The Miter Saw and/or blade guard suffered from a manufacturing defect that resulted in the blade guard failing to automatically return to the safety position as designed and failing to cover the Miter Saw's saw blade as designed.

     b.     The Miter Saw suffered from a design defect in that the Miter Saw was not equipped with flesh detection technology, flesh sensing technology, or braking technology, which would have stopped the Miter Saw's saw blade upon contacting human skin.

     c.     The Miter Saw suffered from a design defect in that the Miter Saw was not equipped with adequate guarding technology, which would have prevented the Miter Saw's saw blade from contacting the body of the user.

18.     The defects cited in Paragraph 17 of this Complaint rendered the Miter Saw unreasonably dangerous beyond the contemplation and expectation of ordinary consumers, including Bratta.

3

19.     The risk of danger associated with designing and manufacturing the Miter Saw as it was outweigh any real or perceived benefits. At the time the Miter Saw was designed and manufactured, alternative designs and methods of manufacturing existed that would have resulted in a safer and more useful Miter Saw with little to no increase in cost to Harbor Freight.

20.     The defects cited in Paragraph 17 of this Complaint individually or collectively contributed directly to cause or enhance Bratta's injuries and damages.

21.     Had none of the defects cited in Paragraph 17 of this Complaint been present in the Miter Saw, Bratta's injuries and damages would have been avoided or reduced.

22.     Had any one of the defects cited in Paragraph 17 of this Complaint not been present in the Miter Saw, Bratta's injuries and damages would have been avoided or reduced.

23.     The defects cited in Paragraph 17 of this Complaint were caused by Harbor Freight's negligence, strict liability, and other liability-producing misconduct.

24.     At the time Harbor Freight placed the Miter Saw into the stream of commerce, Harbor Freight knew or should have known that the Miter Saw was defective in the ways cited in Paragraph 17 of this Complaint.

## JURISDICTION & VENUE

25.     This is an action for damages in excess of $15,000, exclusive of interest, costs, and attorney's fees.

26.     This Court is authorized to exercise personal jurisdiction over Harbor Freight pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6) because the causes of action stated herein arise out of Harbor Freight:

> a.     Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;
>
> b.     Committing a tortious act within Florida; or

4

      c.    Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Harbor Freight was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Harbor Freight anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

27.    This Court is authorized to exercise personal jurisdiction over Harbor Freight pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2) because Harbor Freight is engaged in substantial and not isolated activity within Florida.

28.    Venue is proper in this Court because the causes of action stated herein accrued in Polk County, Florida.

## CONDITIONS PRECEDENT

29.    All conditions precedent have been satisfied or excused.

## COUNT I
## STRICT LIABILITY—DESIGN DEFECT

30.    Bratta re-alleges and incorporates Paragraphs 1 through 29 of this Complaint as if fully stated herein.

31.    Harbor Freight designed, manufactured, assembled, distributed, and/or sold the Miter Saw.

32.    Harbor Freight placed the Miter Saw into the stream of commerce.

33.    Harbor Freight knew or reasonably foresaw that individuals like Bratta would use the Miter Saw.

34.    The Miter Saw is defective in its design because it is not equipped with flesh detection technology, flesh sensing technology, or braking technology.

5

35.     The Miter Saw is defective in its design because it is not equipped with adequate guarding technology.

36.     The Miter Saw's design defects, whether individually or collectively, rendered the Miter Saw unreasonably dangerous for its intended and foreseeable use.

37.     The Miter Saw left Harbor Freight's possession and control with the design defects Bratta alleges, and the Miter Saw remained defective and unreasonably dangerous up until and throughout the events giving rise to Bratta's injuries and damages.

38.     The Miter Saw's design defects, whether individually or collectively, actually and proximately caused Bratta's injuries and damages.

**WHEREFORE,** Plaintiff, Victor Bratta, demands judgment against Defendant, Harbor Freight Tools USA, Inc., for all injuries and damages he suffered due to the defective Miter Saw, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, costs, and interest, and any such further relief as the Court deems appropriate.

**COUNT II**
**STRICT LIABILITY—MANUFACTURING DEFECT**

39.     Bratta re-alleges and incorporates Paragraphs 1 through 29 of this Complaint as if fully stated herein.

40.     Harbor Freight designed, manufactured, assembled, distributed, and/or sold the Miter Saw.

41.     Harbor Freight placed the Miter Saw into the stream of commerce.

42.     Harbor Freight knew or reasonably foresaw that individuals like Bratta would use the Miter Saw.

43.     The Miter Saw is defective in its manufacture because the Miter Saw's blade guard failed to return to the safety position as designed and failed to cover the Miter Saw's saw blade as designed.

6

44.     The Miter Saw's manufacturing defects, whether individually or collectively, rendered the Miter Saw unreasonably dangerous for its intended and foreseeable use.

45.     The Miter Saw left Harbor Freight's possession and control with the manufacturing defects Bratta alleges, and the Miter Saw remained defective and unreasonably dangerous up until and throughout the events giving rise to Bratta's injuries and damages.

46.     The Miter Saw's manufacturing defects, whether individually or collectively, actually and proximately caused Bratta's injuries and damages.

**WHEREFORE**, Plaintiff, Victor Bratta, demands judgment against Defendant, Harbor Freight Tools USA, Inc., for all injuries and damages he suffered due to the defective Miter Saw, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, costs, and interest, and any such further relief as the Court deems appropriate.

## COUNT III
## NEGLIGENCE

47.     Bratta re-alleges and incorporates Paragraphs 1 through 29 of this Complaint as if fully stated herein.

48.     Harbor Freight designed, manufactured, assembled, distributed, and/or sold the Miter Saw.

49.     Harbor Freight placed the Miter Saw into the stream of commerce.

50.     Harbor Freight knew or reasonably foresaw that individuals like Bratta would use the Miter Saw.

51.     Harbor Freight owed a duty of reasonable care to people who use the Miter Saw, including Bratta, to design and manufacture the Miter Saw in such a way that did not render the Miter Saw defective and unreasonably dangerous.

52.     Harbor Freight owed a duty of reasonable care to people who use the Miter Saw, including Bratta, to design the Miter Saw to include all feasible safety technology, including

7

flesh detection technology, flesh sensing technology, braking technology, and/or guarding technology.

53.     Harbor Freight owed a duty of reasonable care to people who use the Miter Saw, including Bratta, to manufacture the Miter Saw in such a way that the Miter Saw would operate as designed, including by manufacturing the Miter Saw's blade guard so that the blade guard operated in the way it was designed.

54.     Harbor Freight breached the duties it owed to Bratta by designing the Miter Saw without flesh detection technology, flesh sensing technology, braking technology, or adequate guarding technology and by manufacturing the Miter Saw in such a way that the Miter Saw's blade guard failed to operate as designed.

55.     Harbor Freight knew or reasonably foresaw that people who use the Miter Saw, including Bratta, would suffer injuries and damages due to the Miter Saw's defective and unreasonably dangerous condition.

56.     At no time did Harbor Freight take action to remedy the Miter Saw's defective and unreasonably dangerous condition or to warn consumers or users about its negligent design and manufacture of the Miter Saw, despite Harbor Freight's knowledge of the Miter Saw's defective condition and ability to warn.

57.     Harbor Freight's breaches of the duties it owed to Bratta actually and proximately caused Bratta's injuries and damages.

**WHEREFORE**, Plaintiff, Victor Bratta, demands judgment against Defendant, Harbor Freight Tools USA, Inc., for all injuries and damages he suffered due to the defective Miter Saw, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, costs, and interest, and any such further relief as the Court deems appropriate.

8

## DEMAND FOR JURY TRIAL

Plaintiff, Victor Bratta, demands a jury trial on all issues so triable.


Dated: January 22, 2018.


                        Respectfully submitted.

                        */s/ Joshua D. Moore*
                        **JOSHUA D. MOORE, ESQ.**
                        Florida Bar No.: 41680
                        **Morgan & Morgan, P.A.**
                        20 North Orange Avenue, Suite 1600
                        Orlando, FL 32801
                        Telephone: (407) 648-9592
                        Fax: (407) 245-3355
                        Primary email: joshmoore@forthepeople.com
                        Secondary email: tcminer@forthepeople.com

                        and

                        */s/ Steven E. Nauman*
                        **STEVEN E. NAUMAN, ESQ.**
                        Florida Bar No.: 106126
                        **Morgan & Morgan, P.A.**
                        20 North Orange Avenue, Suite 1600
                        Orlando, FL 32801
                        Telephone: (407) 244-3962
                        Fax: (407) 245-3462
                        Primary email: snauman@forthepeople.com
                        *Attorneys for Plaintiff*

FEB 0 7 2018

2018CA-000195-0000-00     **Received in Polk 01/22/2018 12:18 PM**